UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEO MANSU, an individual; LISA FIDELDY, an individual; JERRY HARPER, an individual; DANEILLE HONODEL-HARPER, an individual; BARBARA ROSE, an individual; and RICHARD SIEGFRIED, D.C., an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM J. KENNEDY aka BILL KENNEDY, individually and d/b/a AMERICAN LEGAL SERVICES, d/b/a THE EAR OF MALCHUS, d/b/a THE LOST SHEEP; THE EAR OF MALCHUS, a Washington corporation; THE LOST SHEEP, a Washington corporation; LYLE E. DAVIES, individually and d/b/a FINANCIAL WELLBEING SOLUTIONS; KENNETH L. REISWIG aka KENNY L. REISWIG, individually and d/b/a THE SILVER TRUMPETS; THE SILVER TRUMPETS, a Washington corporation; RITA I. JOHNSON aka RITA A. JOHNSON, individually and d/b/a HER COPYRIGHT; JUDITH RODERICK, an individual; DANNY V. SESE, individually and d/b/a GENTRY | NO. CIV. 08-02012 WBS DAD<br><br>ORDER RE: MOTION TO REMAND |

1

```
 1  GROUP; GENTRY GROUP, a Texas
    corporation; JEROME WEBB, an
 2  individual; KURT F. JOHNSON,
    an individual; D. SCOTT
 3  HEINEMAN aka DALE SCOTT
    HEINEMAN, an individual; TONY
 4  SCARLOTTA, aka TONI SCARLOTTA,
    an individual; NEW CENTURY
 5  MORTGAGE CORPORATION, an
    unknown business entity;
 6  COURTESY AUTOMOTIVE CENTER, an
    unknown business entity;
 7  COURTESY CHEVROLET CADILLAC
    SUZUKI, an unknown business
 8  entity; JOHN GROUP; BEN WELLS
    aka BENJAMIN WELLS, an
 9  individual; JEFF AULT aka
    JEFFREY AULT, an individual;
10  VICK SINGH, an individual;
    INTERNATIONAL ASSOCIATION OF
11  CORPORATION SOLE, an unknown
    entity; PETER KIM,
12  individually and d/b/a SKM
    DEBT SERVICES; SUSAN W. KIM,
13  individually and d/b/a SKM
    DEBT SERVICES; RICHARD LALONDE
14  aka RICK LALONDE; JERRY COOK
    aka JEROME COOK; INDYMAC BANK,
15  a California corporation;
    DARRYL LEBARTHE, an
16  individual; WB FINANCIAL, a
    California corporation; JEROME
17  WEBB, an individual; NICHOLE
    KLAUSNER, an individual;
18  FINANCIAL TITLE COMPANY, a
    California corporation; and
19  DOES 1-100, inclusive,

20            Defendants.
                                /
21
                   ----oo0oo----
22

23       Plaintiffs Leo Mansu, Lisa Fideldy, Jerry Harper,

24  Deneille Honodel-Harper, Barbara Rose, and Richard Siegfried D.C.

25  filed this action in San Joaquin County Superior Court against

26  over forty defendants alleging that they conspired in a

27  fraudulent "debt elimination" scheme involving home mortgages and

28  car loans.  Defendant Courtesy Oldsmobile-Cadillac Inc. d/b/a/
```

2

1  Courtesy Automotive Center d/b/a Courtesy Chevrolet Cadillac
2  ("Courtesy")[1] removed the case to federal court pursuant to 28
3  U.S.C. § 1441(a), and plaintiffs now move to remand the case to
4  state court pursuant to 28 U.S.C. § 1447.
5  I.   Factual and Procedural Background
6          Plaintiffs filed their Complaint in state court on May
7  1, 2008, alleging fraud; violations of California's Unfair
8  Competition Law, Cal. Bus. & Prof. Code § 17200; fraud in the
9  inducement; violations of the Racketeer Influenced and Corrupt
10 Organizations Act, 18 U.S.C. § 1964(c); unjust enrichment; breach
11 of fiduciary duty; conversion; conspiracy to commit fraud;
12 intentional misrepresentation; and negligent misrepresentation.
13 Courtesy received service of process on August 1, 2008, and
14 subsequently filed a notice of removal pursuant to 28 U.S.C. §
15 1441(a) on August 26, 2008.  (Notice of Removal Ex. A at 3; Mot.
16 to Remand 4:8-11.)
17         On September 24, 2008, defendants Judith Roderick,
18 Kenneth L. Reiswig, Effie Reiswig, The Silver Trumpets, and Rita
19 I. Johnson joined in Courtesy's notice of removal, and defendant
20 Jerome Cook joined on September 25, 2008.  (Docket Nos. 7, 8.)
21 Plaintiffs then filed a motion to remand, arguing that removal
22 was improper under 28 U.S.C. § 1441(a) and procedurally defective
23 under 28 U.S.C. § 1446.[2]  On November 3, 2008, the court ordered

---

[1]   Courtesy provides that it was erroneously named "Courtesy Automotive Center" and "Courtesy Chevrolet Cadillac Suzuki" in the Complaint.  (Notice of Removal 2:19-24.)

[2]   After plaintiffs filed their motion to remand, the Federal Deposit Insurance Corporation (FDIC) substituted into the lawsuit as Receiver for defendant IndyMac Bank and filed a motion

3

plaintiffs to submit their proofs of service for the court's inspection. (<u>Id.</u> Nos. 39, 40.) Courtesy also filed a response to the Minute Order. (<u>Id.</u> No. 43.)

II. <u>Discussion</u>

    A. <u>Legal Standard</u>

        When a plaintiff moves to remand a case, the defendant bears the burden of establishing that removal was proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Any questions regarding the propriety of removal should be resolved in favor of

---

in opposition to plaintiffs' motion to remand. (<u>Id.</u> No. 22.) FDIC argued that, whether or not Courtesy's removal was proper, the court should exercise removal jurisdiction because FDIC was now a party to the lawsuit and, if the court remanded the action, it would seek removal. (<u>See</u> FDIC's Opp'n 1, 5-6.) Although plaintiffs subsequently dismissed IndyMac as a party (Docket Nos. 41, 45), Courtesy argues that the court should still entertain FDIC's argument in favor of removal jurisdiction (Def. Courtesy's Reply to Proofs of Service 2-3). Since the court will deny plaintiffs' motion to remand on other grounds, the court need not consider FDIC's arguments.
        In declining to consider FDIC's arguments, the court recognizes that its decision is somewhat at odds with the approach taken by Judge O'Neill in <u>Destfino v. Kennedy</u>, No. 08-1269, slip op. at 2-3 (E.D. Cal. Nov. 5, 2008) (denying plaintiffs' motion to remand due the "removal of the action by the FDIC"). In the present case, however, Courtesy filed its notice of removal before FDIC filed its motion in opposition to plaintiffs' motion to remand; therefore, the court cannot reasonably convert FDIC's motion into a new notice of removal. <u>See</u> <u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d 975, 976-77 (9th Cir. 2006) (per curiam) ("[T]he idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical. After all, 'a Supplemental Notice of Removal would, if granted, have the effect of removing a case that has already been removed.'" (quoting <u>Nolan v. Boeing Co.</u>, 715 F. Supp. 152, 153 n.1 (E.D. La. 1989))).
        Moreover, to the extent that FDIC's substitution may provide an independent basis for removal jurisdiction, the court notes that "jurisdiction must be analyzed on the basis of the pleadings filed <u>at the time of removal</u>." <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1046 (9th Cir. 2000) (quoting <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers</u>, 159 F.3d 1209, 1213 (9th Cir. 1998)) (emphasis added). FDIC did not become a party to this lawsuit until after Courtesy filed its notice of removal.

the party moving for remand.  <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).  If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court."  <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

    B.   <u>28 U.S.C. § 1441(a)</u>

"Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed."  <u>Matheson</u>, 319 F.3d at 1090; <u>see</u> 28 U.S.C. § 1441(a).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Plaintiffs' Complaint asserts a federal claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c).  (Notice of Removal Ex. A at 27.)  "[A]lthough a RICO action may . . . be filed either in federal or state court, the claim itself both arises under and is governed by a comprehensive federal enforcement scheme . . . ."  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1195 (9th Cir. 1988).  Accordingly, since a federal RICO claim is one "arising under the laws of the United States," it falls within this court's original jurisdiction and is removable pursuant to § 1441(a).  <u>Id.</u> at 1196.

    B.   <u>28 U.S.C. § 1446</u>

Plaintiffs contend that removal was procedurally defective in two related respects.  First, they argue that Courtesy's notice was untimely because it was filed more than

thirty days after other defendants in the action had received service of process. (Mot. to Remand 8-10.) Second, plaintiffs contend that the removal violated the "rule of unanimity." (Id. at 7.) The court will address each argument in turn.

 1. Timeliness

Section 1446(b) provides that "notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). The plain language of the statute refers to "the defendant," which has caused considerable confusion when a plaintiff has served multiple defendants on different dates.

Somewhat surprisingly, neither the Supreme Court nor the Ninth Circuit has yet addressed this issue. The Fifth Circuit has adopted the "first-served" rule, which provides, "If the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove." Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970)). In contrast, the Sixth and Eighth Circuits have adopted the "last-served" rule, in which "the last-served defendant is allowed a full 30 days after being served to remove." Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 532 (6th Cir. 1999); see Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753 (8th Cir. 2001). In adopting this rule, both the Sixth and Eighth Circuits relied on a decision from the Fourth Circuit. See Brierly, 184 F.3d at 533 (citing McKinney v. Bd. of Trs. of Mayland Cmty. Coll., 955 F.2d 924 (4th Cir. 1992)); Marano, 254

1  F.3d at 756 n.4 (same).

2       Although some district court decisions in California
3  refer to the first-served rule as the majority rule, see McAnally
4  Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1227-29 (C.D.
5  Cal. 2000), judges in three of the four federal districts in
6  California have adopted the last-served rule, see Rosenberg v.
7  Cornell Corp., Inc., No. 07-4690, 2008 WL 4447712, at *2 (N.D.
8  Cal. Sept. 30, 2008); Lear v. Louisville Ladder, Inc., No. 07-
9  1404, 2007 WL 2947430, at *3 (S.D. Cal. Oct. 9, 2007); Bonner v.
10 Fuji Photo Film, 461 F. Supp. 2d 1112, 1117 (N.D. Cal. 2006);
11 Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1161-62 (E.D.
12 Cal. 2002).

13      In Smith, this court carefully considered the arguments
14 supporting each approach and concluded that the last-served rule
15 "best balances fairness considerations to both plaintiffs and
16 defendants." 191 F. Supp. at 1161.  Specifically, this court
17 found that the last-served rule "discourages plaintiffs from
18 manipulating service in order to prevent an otherwise removable
19 case from being litigated in federal court."  Id. (citing Ford v.
20 New United Motors Mfg., Inc., 857 F. Supp. 707, 710 (N.D. Cal.
21 1994)).  The last-served rule also "affords each defendant the
22 same procedural rights provided to earlier-served co-defendants,"
23 while still "giv[ing] any defendant who wishes to remain in state
24 court the right to refuse to consent to another defendant's
25 removal notice."  Id.  Since the court is unaware of any
26 developments that warrant revisiting its analysis, it will
27 continue to apply the last-served rule.

28      In this case, defendant Courtesy first received service

7

of process on August 1, 2008.  (Mot. to Remand 4:8-11; Def. Courtesy's Opp'n 2:14-15.)  Courtesy subsequently filed its notice of removal on August 26, 2008.  (Docket No. 1.)  Under the last-served rule, plaintiffs' contention that other defendants were served more than thirty days before August 26 is irrelevant to determining whether Courtesy's notice was timely. Accordingly, since Courtesy filed its notice within thirty days of being served, the court finds that Courtesy's notice was timely under § 1446.

    2. <u>Unanimity</u>

    All defendants who have been properly joined and served in an action must join in the removal.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986).  This is known as the rule of unanimity.  <u>See</u> <u>Chi., Rock Island & Pac. Ry. v. Martin</u>, 178 U.S. 245 (1900).  When the last-served rule is applied to the rule of unanimity, each defendant in a multi-defendant case has thirty days from service of process to initiate or consent to removal.  <u>Bonner v. Fuji Photo Film</u>, 461 F. Supp. 2d 1112, 1119 (N. D. Cal. 2006).  Even if a defendant's own thirty-day period has expired, he or she can consent to the removal of a later-served defendant within the removing defendant's thirty-day period.  <u>See</u> <u>Ford v. New United Motors Mfg., Inc.</u>, 857 F. Supp. 707, 710 n.6 (N.D. Cal. 1994).

    The following defendants joined in Courtesy's removal on either September 24 or 25, 2008: Judith Roderick, Kenneth Reiswig, Effie Reiswig, The Silver Trumpets, Rita I. Johnson, and Jerome Cook.  (Def. Courtesy's Opp'n 2:14-3:2.)  These dates

exceed Courtesy's own statutory period for removal and would comply with the rule of unanimity only if these parties were served later than August 24 or 25, 2008.

Plaintiffs contend, however, that Judith Roderick and Rita I. Johnson were served on July 8, 2008. (Mot. to Remand 3:21-4:11.) Plaintiffs also assert that other named defendants were served on the following dates: The Lost Sheep, July 8, 2008; Lyle E. Davies, July 18, 2008; Peter Kim and Susan W. Kim, July 19, 2008; Darryl Lebarthe, July 24, 2008; and Benjamin Wells, August 1, 2008. (Id.) If plaintiffs' assertions are true, Courtesy's removal does not comply with the rule of unanimity because several served defendants either failed to consent to the removal or did not consent within the statutory time period.

Plaintiffs' counsel has submitted a sworn declaration and proofs of service to support the service dates claimed in the motion to remand. (Docket Nos. 31, 40.) These exhibits indicate, however, that only three proofs of service have been filed in the state court; one was filed on August 4, 2008, and two were filed on August 11, 2008. (Pls.' Resp. Re: Proofs of Service, Exs. 6-8.) Rule 3.110(b) of the California Rules of Court provides that "proofs of service . . . must be filed with the court within 60 days after the filing the complaint," and the Complaint in this case was filed on May 1, 2008, (Notice of Removal Ex. A at 3).

In a sworn declaration, Courtesy's counsel also represents that, prior to removal, he "checked the state court docket . . . in search of proofs of service to identify additional Defendants to join in the removal," but "there were no

9

records indicating additional Defendants had been served." (Nash Decl. ¶ 3.) He also states that, subsequent to removal, "Plaintiffs [gave] no notice . . . of the service of any additional Defendants." (Id. ¶ 4.) Only through "independent investigation" was defense counsel able to discover other served parties in the action. (Id. ¶ 6; see Day Decl. ¶ 5.)

On two prior occasions, this court has held that "joinder in or consent to the removal petition must be accomplished by only those defendants . . . whom the removing defendant(s) actually knew or should have known had been served." Rodriguez v. County of Stanislaus, No. 08-00856, 2008 WL 4765110, at *4 (E.D. Cal. Oct. 30, 2008) (quoting Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569 (W.D. Tex. 1992)); Lopez v. BNSF Ry. Co., No. 07-01417, 2007 WL 4326734, at *3 (E.D. Cal. Dec. 7, 2007) (same); see also Laurie v. Nat'l R.R. Passenger Corp., No. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) ("[A] defendant is required to obtain consent only from those codefendants who[m] it knew or should have known, in the exercise of reasonable diligence, had been served.").

In Lopez, the defendants searched the state court docket before filing their removal notice in order to determine whether other defendants had been served. 2007 WL 4326734, at *3. At that time, there were no proofs of service on file. Id. The defendants filed their notice of removal, and the plaintiffs filed proofs of service the same day. Id. The plaintiffs subsequently moved to remand the case to state court because removal violated the rule of unanimity. Id. The court denied plaintiffs' motion, because the defendants exercised "reasonable

1 diligence by checking the [state court] docket to ascertain
2 whether or not other named defendants had been served prior to
3 filing their notice of removal." Id. at *5.  Moreover, the court
4 held that the defendants "did not have a duty to contact
5 Plaintiffs' counsel to investigate whether the remaining
6 defendants were served with the complaint." Id.

7       The court finds that the "reasonable diligence"
8 standard of identifying served defendants has been satisfied in
9 this case.  Exhibits filed by both parties demonstrate that
10 Courtesy made an adequate attempt to identify the served
11 defendants, and plaintiffs' failure to timely file proofs of
12 service frustrated these efforts.  Accordingly, the court will
13 deny plaintiffs' motion to remand.

14       IT IS THEREFORE ORDERED that plaintiffs' motion to
15 remand be, and the same hereby is, DENIED.

16 DATED:  November 12, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE