UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LEO MANSU, an individual; LISA FIDELDY, an individual; JERRY HARPER, an individual; DANEILLE HONODEL-HARPER, an individual; BARBARA ROSE, an individual; and RICHARD SIEGFRIED, D.C., an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM J. KENNEDY aka BILL KENNEDY, individually and d/b/a AMERICAN LEGAL SERVICES, d/b/a THE EAR OF MALCHUS, d/b/a THE LOST SHEEP; THE EAR OF MALCHUS, a Washington corporation; THE LOST SHEEP, a Washington corporation; LYLE E. DAVIES, individually and d/b/a FINANCIAL WELLBEING SOLUTIONS; KENNETH L. REISWIG aka KENNY L. REISWIG, individually and d/b/a THE SILVER TRUMPETS; THE SILVER TRUMPETS, a Washington corporation; RITA I. JOHNSON aka RITA A. JOHNSON, individually and d/b/a HER COPYRIGHT; JUDITH RODERICK, an individual; DANNY V. SESE, individually and d/b/a GENTRY | NO. CIV. 08-2012 WBS DAD<br><br>ORDER RE: MOTION FOR LEAVE TO AMEND COMPLAINT |

1

GROUP; GENTRY GROUP, a Texas corporation; JEROME WEBB, an individual; KURT F. JOHNSON, an individual; D. SCOTT HEINEMAN aka DALE SCOTT HEINEMAN, an individual; TONY SCARLOTTA, aka TONI SCARLOTTA, an individual; NEW CENTURY MORTGAGE CORPORATION, an unknown business entity; COURTESY AUTOMOTIVE CENTER, an unknown business entity; COURTESY CHEVROLET CADILLAC SUZUKI, an unknown business entity; JOHN GROUP; BEN WELLS aka BENJAMIN WELLS, an individual; JEFF AULT aka JEFFREY AULT, an individual; VICK SINGH, an individual; INTERNATIONAL ASSOCIATION OF CORPORATION SOLE, an unknown entity; PETER KIM, individually and d/b/a SKM DEBT SERVICES; SUSAN W. KIM, individually and d/b/a SKM DEBT SERVICES; RICHARD LALONDE aka RICK LALONDE; JERRY COOK aka JEROME COOK; INDYMAC BANK, a California corporation; DARRYL LEBARTHE, an individual; WB FINANCIAL, a California corporation; JEROME WEBB, an individual; NICHOLE KLAUSNER, an individual; FINANCIAL TITLE COMPANY, a California corporation; and DOES 1-100, inclusive,

    Defendants.
_____/

----oo0oo----

Plaintiffs Leo Mansu, Lisa Fideldy, Jerry Harper, Deneille Honodel-Harper, Barbara Rose, and Richard Siegfried D.C. filed this action against multiple defendants alleging that they conspired in a fraudulent "debt elimination" scheme involving home mortgages and car loans. Presently before the court is plaintiffs' motion for leave to amend the Complaint to dismiss

2

their fourth cause of action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).

I.   Factual and Procedural Background

Plaintiffs filed their Complaint in San Juaquin County Superior Court on May 1, 2008, alleging fraud; violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; fraud in the inducement; violations of RICO, 18 U.S.C. § 1964(c); unjust enrichment; breach of fiduciary duty; conversion; conspiracy to commit fraud; intentional misrepresentation; and negligent misrepresentation.  Defendant Courtesy Oldsmobile-Cadillac Inc. ("Courtesy") filed a notice of removal to this court on August 26, 2008, which was subsequently joined by several other defendants.  (Docket Nos. 1, 7, 8.)  Plaintiffs then moved to remand the case to state court, but the court denied their motion on November 12, 2008.  (Id. Nos. 11, 60.)

After denying plaintiffs' motion to remand, the court was scheduled to hear oral argument on December 8, 2008, on a motion to dismiss filed by defendants Kenneth L. Reiswig, The Silver Trumpets, Rita I. Johnson, Judith Roderick, and Effie Reiswig.  (Id. No. 6.)  In their opposition to the motion to dismiss, however, plaintiffs indicated that they intended to dismiss their RICO claim and to again seek remand to state court.  (Pls.' Opp'n to Mot. to Dismiss 4.)  Plaintiffs subsequently filed the instant motion for leave to amend the Complaint to dismiss their RICO claim.  (Id. No. 70.)  The court continued the scheduled hearing on the motion to dismiss and requested briefing from the parties on plaintiffs' motion for leave to amend the

3

1  Complaint.  (Id. No. 73.)
2  II.  Discussion
3        A.  Motion for Leave to Amend the Complaint
4        "A party may amend its pleading once as a matter of
5  course before being served with a responsive pleading . . . .  In
6  all other cases, a party may amend its pleading only with the
7  opposing party's written consent or the court's leave."  Fed. R.
8  Civ. P. 15(a)(1)(A), (2).  In this case, defendants have filed
9  responsive pleadings and have refused to consent to plaintiffs
10 filing an amended complaint.  (Docket Nos. 6, 9, 12, 63; Mot. to
11 Am. 3; Def. Courtesy's Opp'n 1-4.)  Therefore, plaintiffs may
12 amend the Complaint only with leave of the court.
13       The decision to grant leave to amend the pleadings "is
14 within the sound discretion of the district court."  ABM Indus.,
15 Inc. v. Zurich Am. Ins. Co., 237 F.R.D. 225, 227 (N.D. Cal. 2006)
16 (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th
17 Cir. 1987)).  In exercising its discretion, a court should grant
18 leave to amend with "extreme liberality."  Morongo Band of
19 Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)
20 (citing Leighton, 833 F.2d at 186); see Fed. R. Civ. P. 15(a)(2)
21 ("The court should freely give leave when justice so requires.").
22 Nonetheless, leave to amend "is not to be granted automatically."
23 Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.
24 2002) (quoting Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th
25 Cir. 1990)).  Rather, the district court may deny a motion for
26 leave to amend if the motion creates undue delay, is brought in
27 bad faith, or would otherwise prejudice the opposing party.  See
28 Jackson, 902 F.2d at 1387 (citing Foman v. Davis, 371 U.S. 178,

4

182 (1962)).

By filing their motion for leave to amend the Complaint to drop their federal claim, plaintiffs have not caused undue delay. They filed their motion within four months of removal and within three weeks of the court's denial of their motion to remand. The court is also unaware of any facts indicating that the motion is brought in bad faith; although plaintiffs' motivation clearly appears to be their desire obtain remand, such a tactical decision is permissible:

> If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision . . . .

Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995). Finally, defendants have not shown how the proposed amendment would prejudice them. To the contrary, defendants usually do not want to be accused of racketeering activities. One would accordingly think a defendant would be happy to have RICO claims against it dismissed.

B.  Remand

"[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments . . . ." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998)). Nonetheless, when removal is based on federal-question jurisdiction and all federal claims drop from

5

the proceedings, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (citing Price v. PSA, Inc., 829 F.2d 871, 876 (9th Cir. 1987)). A district court may consider sua sponte whether to remand supplemental state claims to state court, although it is not required to do so. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc).

The court's discretion to decline jurisdiction over state law claims "is informed by the Gibbs values 'of economy, convenience, fairness, and comity.'" Id. at 1001 (citations omitted). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Here, there is no indication that proceeding with this action in state court would be wasteful or duplicative; neither this court nor the parties have invested substantial resources in the instant action. Aside from their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties have not engaged in discovery, and the court has not yet held a scheduling conference pursuant to Federal Rule of Civil Procedure 26(f). Further, the San Joaquin County Superior Court is approximately fifty miles from the federal courthouse in Sacramento, and given that all parties have appeared only

telephonically in this court, it does not seem that remanding the case would create any additional inconvenience.

Finally, the state court is equally competent to hear and decide plaintiffs' state law claims, and there is no reason to doubt that the state court will provide an equally fair adjudication of the matter.  Accordingly, the court will remand remaining state law claims to the state court.

IT IS THEREFORE ORDERED that plaintiffs' motion for leave to amend the complaint be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that plaintiffs' sole federal claim for violation of RICO, 18 U.S.C. § 1964(c) be, and the same hereby is, DISMISSED;

AND IT IS FURTHER ORDERED that remainder of this action be, and the same hereby is, REMANDED to Superior Court of the State of California, in and for the County of San Joaquin.

Defendants' motion to dismiss (Docket No. 6) is VACATED as moot.

DATED:  December 23, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE