1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10
                                   ----oo0oo----
11
LEO MANSU, an individual; LISA
12 FIDELDY, an individual; JERRY
HARPER, an individual;
13 DANEILLE HONODEL-HARPER, an
individual; BARBARA ROSE, an
14 individual; and RICHARD
SIEGFRIED, D.C., an
15 individual,
                                          NO. CIV. 08-2012 WBS DAD
16            Plaintiffs,

17      v.                                ORDER RE: MOTIONS FOR
                                          RECONSIDERATION
18 WILLIAM J. KENNEDY aka BILL
KENNEDY, individually and
19 d/b/a AMERICAN LEGAL SERVICES,
d/b/a THE EAR OF MALCHUS,
20 d/b/a THE LOST SHEEP; THE EAR
OF MALCHUS, a Washington
21 corporation; THE LOST SHEEP, a
Washington corporation; LYLE
22 E. DAVIES, individually and
d/b/a FINANCIAL WELLBEING
23 SOLUTIONS; KENNETH L. REISWIG
aka KENNY L. REISWIG,
24 individually and d/b/a THE
SILVER TRUMPETS; THE SILVER
25 TRUMPETS, a Washington
corporation; RITA I. JOHNSON
26 aka RITA A. JOHNSON,
individually and d/b/a HER
27 COPYRIGHT; JUDITH RODERICK, an
individual; DANNY V. SESE,
28 individually and d/b/a GENTRY

                                   1

1  GROUP; GENTRY GROUP, a Texas
   corporation; JEROME WEBB, an
2  individual; KURT F. JOHNSON,
   an individual; D. SCOTT
3  HEINEMAN aka DALE SCOTT
   HEINEMAN, an individual; TONY
4  SCARLOTTA, aka TONI SCARLOTTA,
   an individual; NEW CENTURY
5  MORTGAGE CORPORATION, an
   unknown business entity;
6  COURTESY AUTOMOTIVE CENTER, an
   unknown business entity;
7  COURTESY CHEVROLET CADILLAC
   SUZUKI, an unknown business
8  entity; JOHN GROUP; BEN WELLS
   aka BENJAMIN WELLS, an
9  individual; JEFF AULT aka
   JEFFREY AULT, an individual;
10 VICK SINGH, an individual;
   INTERNATIONAL ASSOCIATION OF
11 CORPORATION SOLE, an unknown
   entity; PETER KIM,
12 individually and d/b/a SKM
   DEBT SERVICES; SUSAN W. KIM,
13 individually and d/b/a SKM
   DEBT SERVICES; RICHARD LALONDE
14 aka RICK LALONDE; JERRY COOK
   aka JEROME COOK; INDYMAC BANK,
15 a California corporation;
   DARRYL LEBARTHE, an
16 individual; WB FINANCIAL, a
   California corporation; JEROME
17 WEBB, an individual; NICHOLE
   KLAUSNER, an individual;
18 FINANCIAL TITLE COMPANY, a
   California corporation; and
19 DOES 1-100, inclusive,

20         Defendants.
   _____/
21
                   ----oo0oo----
22

23         Plaintiffs Leo Mansu, Lisa Fideldy, Jerry Harper,

24 Deneille Honodel-Harper, Barbara Rose, and Richard Siegfried D.C.

25 filed this action in state court alleging that multiple

26 defendants conspired in a fraudulent "debt elimination" scheme

27 involving home mortgages and car loans.  After the case was

28 removed to this court, the court issued an Order on December 24,

                              2

1 2008, that dismissed plaintiffs' claim under the Racketeer

2 Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §

3 1964(c), and remanded the action to state court.  Defendants

4 Courtesy Oldsmobile-Cadillac Inc. ("Courtesy"), Benjamin Wells,

5 Judith Roderick, Kenneth Reiswig, Effie Reiswig, The Silver

6 Trumpets, and Duane Johnson as representative of Rita Johnson now

7 move for reconsideration of that Order.  (Docket Nos. 85, 89.)

8 Because defendants' motions are so lacking in merit, the court

9 finds no need to hear any argument in opposition before rendering

10 its decision.

11 I.   Factual and Procedural Background

12      Plaintiffs filed their Complaint in state court on May

13 1, 2008, alleging nine claims under California state law and a

14 single federal claim under RICO.  Courtesy filed a notice of

15 removal to this court on August 26, 2008, which was subsequently

16 joined by several other defendants.  (Docket Nos. 1, 7, 8.)

17 Plaintiffs contended that removal was procedurally defective and

18 moved to remand the case to state court, but the court denied

19 their motion on November 12, 2008.  (Id. Nos. 11, 60.)

20      After denying plaintiffs' motion to remand, the court

21 was scheduled to hear oral argument on December 8, 2008,

22 regarding a motion to dismiss filed by defendants Judith

23 Roderick, Kenneth Reiswig, Effie Reiswig, The Silver Trumpets,

24 and Duane Johnson as representative of Rita Johnson.  (Id. No.

25 6.)  In their opposition to the motion to dismiss, however,

26 plaintiffs indicated that they intended to dismiss their RICO

27 claim and again seek remand to state court.  (Pls.' Opp'n to Mot.

28 to Dismiss 4.)

1      Plaintiffs subsequently filed a motion for leave to

2 amend the Complaint in order to dismiss their RICO claim.  (<u>Id.</u>

3 No. 70.)  The court continued the scheduled hearing on the motion

4 to dismiss and requested briefing from the parties on plaintiffs'

5 motion.  (<u>Id.</u> No. 73.)  After carefully considering the parties'

6 briefs, the court granted plaintiffs' motion for leave to amend

7 the Complaint, dismissed their RICO claim, and remanded the case

8 to state court.  (<u>Id.</u> No. 84.)  These motions for reconsideration

9 followed.

10 II.  <u>Discussion</u>

11      Defendants contend that they were not afforded an

12 opportunity to brief whether it would be proper for the court to

13 remand this case to state court after dismissal of the sole

14 federal claim in the Complaint.  In its December 4, 2008 Order,

15 however, the court provided a briefing schedule for defendants to

16 oppose plaintiffs' motion to amend the Complaint. (<u>Id.</u> No. 73.)

17 In their opposition, moreover, defendants were plainly aware that

18 remand was the principal aim of plaintiffs' motion.  Defendants

19 argued,

20      Plaintiffs' transparent--and erroneous--attempt to oust
         this [c]ourt of jurisdiction by manipulating their
21      Complaint relies on a misstatement of the law of the
         Ninth Circuit.  The Courtesy Defendants thus oppose
22      Plaintiff's Motion for Leave to the extent that assent
         could be construed as agreement that dismissal of [the
23      RICO claim] mandates or in any way suggests that remand
         is appropriate.

24

25 (Defs. Courtesy & Wells' Opp'n Mot. Amend Compl. 3; <u>see</u> Defs.

26 Roderick et al.'s Opp'n Mot. Amend Compl. 4.)

27      Despite defendants' own awareness of the prospect of

28 remand, their repeated reference to the court's "<u>sua sponte</u>"

4

1 Order in their motions for reconsideration (no less than nine

2 times) intimates that the court somehow conceived of the idea to

3 remand this action on its own accord.  (See Defs. Courtesy &

4 Wells' Opp'n Mot. Reconsid. 2-4, 8, 10; Defs. Roderick et al.'s

5 Mot. Reconsid. 3.)  To the contrary, as defendants were well

6 aware, plaintiffs had consistently reiterated their intent to

7 litigate the case in state court (see, e.g., Docket Nos. 11, 29,

8 31-32, 62) and asserted that, prior to the hearing on defendants'

9 motion to dismiss, they would "dismiss[] the RICO cause of action

10 from the Complaint" in order to have the case "remanded back to

11 state court" (id. No. 62).

12          Ultimately, regardless of whether defendants believe

13 that they had sufficient opportunity to be heard on the issue of

14 remand, they have now been heard, and the court finds their

15 arguments wholly unpersuasive.

16          As reiterated in its orders in this case, the court is

17 fully aware that subsequent amendments to a complaint after

18 removal do not divest a court of federal jurisdiction.  (See Nov.

19 11, 2008 Order 3-4 n.2 (citing Chabner v. United of Omaha Life

20 Ins. Co., 225 F.3d 1042, 1046 (9th Cir. 2000)); Dec. 24, 2008

21 Order (same).)  Thus, contrary to defendants' suggestion, the

22 court did not "allow[]" plaintiffs to "defeat federal

23 jurisdiction" by amending the Complaint.  (Defs. Courtesy &

24 Wells' Mot. Reconsid. 5.)  Instead, well before it had issued a

25 Status (Pretrial Scheduling) Order, the court properly exercised

26 its discretion to remand the action to state court because the

27 case exclusively involved matters of state law.  See Harrell v.

28 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("It is

1  generally within a district court's discretion either to retain

2  jurisdiction to adjudicate the pendent state claims or to remand

3  them to state court." (citing <u>Price v. PSA, Inc.</u>, 829 F.2d 871,

4  876 (9th Cir. 1987))); <u>see also</u> <u>Acri v. Varian Assocs., Inc.</u>, 114

5  F.3d 999, 1000-01 (9th Cir. 1997) (en banc) ("The Supreme Court

6  has stated, and [the Ninth Circuit] ha[s] often repeated, that

7  'in the usual case in which all federal-law claims are eliminated

8  before trial, the balance of factors . . . will point toward

9  declining to exercise jurisdiction over the remaining state-law

10 claims.'" (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343,

11 350 n.7 (1988))).

12      Although defendants contend that "federal courts have

13 almost universally denounced such actions" (Defs. Courtesy &

14 Wells' Mot. Reconsid. 4), they present scant support for their

15 sweeping proposition.  Indeed, the court's resolution of this

16 matter appears rather commonplace.  <u>See, e.g.</u>, <u>Stuart v. City of

17 Dillon</u>, No. 08-12, 2008 WL 3887656, at *1 (D. Mont. Aug 21, 2008)

18 ("A plaintiff may amend claims in an action removed to federal

19 court by dismissing federal claims, thereby waiving his ability

20 to pursue the federal claims, 'clarifying his intent to "avoid

21 federal jurisdiction by exclusive reliance on state law[,]"' and

22 properly resulting in a remand of the case to state court."

23 (quoting <u>Schuster v. Gardner</u>, 319 F. Supp. 2d 1159, 1165 (S.D.

24 Cal. 2003) (alterations in original))); <u>Hunt v. U.S. Bank Nat'l

25 Ass'n</u>, No. 08-4029, 2008 WL 1925006, at *1 (W.D. Mo. Apr. 29,

26 2008) ("[I]t is a legitimate tactical decision to include a

27 federal claim in a state-court petition, dismissing it only after

28 defendants remove to federal court."); <u>De Cordova v. Pac. Point</u>

1   Funding, Inc., No. 07-1067, 2007 WL 2390408, at *1, (E.D. Cal.

2   Aug. 20, 2007) (Karlton, J.) (remanding a previously removed case

3   after "[the] plaintiffs filed a first amended complaint omitting

4   the federal claim"); Trujillo v. Winco Foods, LLC, No. 07-1084,

5   2007 WL 3054001, at *1-3 (E.D. Cal. Oct 19, 2007) (O'Neill, J.)

6   (remanding a previously removed case after granting the

7   plaintiff's "request to amend his complaint to delete the federal

8   claims"); Molina v. City of Phoenix Police Dep't, No. 06-3061,

9   2007 WL 1063162, at *1-2 (D. Ariz. Apr. 5, 2007) (remanding after

10  the dismissal of all federal claims despite the defendants'

11  argument that the dismissal was "a ploy to manipulate a return to

12  state court"); Fletcher v. Solomon, No. 06-05492, 2006 WL

13  3290399, at *4 (N.D. Cal. Nov. 13, 2006) ("[P]laintiffs clearly

14  desire a state forum, as they could have filed this action as an

15  original matter in federal court but chose not to do so.  The

16  plaintiffs are obviously more interested in their state claims

17  than their federal claims, and the Ninth Circuit has found

18  nothing wrong with plaintiffs promptly dropping federal claims

19  and seeking to have a matter remanded.").

20          Despite defendants' protests of forum-shopping and

21  manipulation, their insistence on having a federal court exercise

22  jurisdiction over an action solely based on California state law

23  is, ironically, the plainest example of manipulation.  Cf.

24  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1002 (9th Cir. 1997)

25  (en banc) (O'Scannlain, J., dissenting) (providing that "where a

26  federal court . . . is being asked to decide claims based wholly

27  and exclusively on state law," the federal courts "should stay

28  out of the fray"); Nelson v. Hennepin County Med. Ctr., No. 06-

7

1   1865, 2007 WL 2695647, at *2 (D. Minn. Sept. 11, 2007) ("In

2   general, a federal district court is not the proper forum for

3   litigating purely state-law disputes . . . .").

4              Indeed, it is well-settled that "the plaintiff [is] the

5   master of the claim; he or she may avoid federal jurisdiction by

6   exclusive reliance on state law." Caterpillar Inc. v. Williams,

7   482 U.S. 386, 392 (1987).  For it is "the central premise of the

8   well-pleaded-complaint rule . . . to allow claimants to pick the

9   law under which they seek redress, to pick the forum that they

10  would like to resolve their claim and to have the courts . . .

11  respect those choices."  Ohio ex rel. Skaggs v. Brunner, 549 F.3d

12  468, 479 (6th Cir. 2008) (citing Holmes Group, Inc. v. Vornado

13  Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002); Caterpillar

14  Inc., 482 U.S. at 392).

15             Similarly, the court finds no legitimate basis for

16  awarding costs and fees to defendants relating to the removal and

17  remand proceedings in federal court.  Their view that plaintiffs

18  should "pay for the procedural ping-pong they precipitated" by

19  bringing a federal claim in state court is misguided.  (Defs.

20  Courtesy & Wells' Mot. Reconsid. 10.)  Clearly, "[i]t does not

21  make sense to force a plaintiff to forgo his federal claims at

22  the outset when he has a legitimate right to bring them in state

23  court."  Hunt v. U.S. Bank Nat'l Ass'n, No. 08-4029, 2008 WL

24  1925006, at *1 (W.D. Mo. Apr. 29, 2008) (citing Baddie v.

25  Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995)).  The

26  court notes, moreover, that while "a plaintiff has a right to

27  bring both his federal claims and state claims together in state

28  court[,] a defendant may, but does not have to, remove to federal

8

1   court."  <u>Id.</u>  In other words, it takes two to play ping-pong.

2           IT IS THEREFORE ORDERED that defendants' motion for

3   reconsideration be, and the same hereby is, DENIED.  The March 2,

4   2009 hearing date is vacated.

5   DATED:  January 15, 2009

6

7                                                     _____

                             WILLIAM B. SHUBB

8                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28